WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Freeman,<br><br>    Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>    Respondent. | No. CV-24-00129-TUC-RCC (MSA)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner James Freeman's petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court will recommend that the petition be dismissed for lack of subject matter jurisdiction.

**Background**

In 2009, Petitioner was convicted of federal charges for receipt of child pornography and related crimes. (Doc. 4 at 1–2.) The Florida district court enhanced his sentence based on a prior conviction in Georgia state court for enticing a child for indecent purposes. (*Id.* at 2.) In 2013, Petitioner filed a motion under 28 U.S.C. § 2255. (*Id.*) That motion was denied by the district court, and the court of appeals denied a certificate of appealability. (*Id.*) In 2020, Petitioner filed a second motion under § 2255. (*Id.*) That motion was denied by the district court as impermissibly second or successive. (*Id.*) In 2024, Petitioner filed this habeas action under 28 U.S.C. § 2241. (Doc. 1.)

. . . .

. . . .

**Discussion**

In his § 2241 petition, Petitioner claims that, in view of *Mathis v. United States*, 579 U.S. 500 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), his state-court conviction no longer qualifies as a predicate for his federal sentencing enhancement. Therefore, he says, he is actually innocent of the enhancement and his sentence must be vacated. Respondent argues that the Court lacks jurisdiction to hear this claim under § 2241. As discussed below, Respondent is correct.

A federal prisoner who seeks to collaterally attack his sentence generally must do so by filing a motion under 28 U.S.C. § 2255. *Pavulak v. Blanckensee*, 14 F.4th 895, 896 (9th Cir. 2021) (per curiam) (citing *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012)). Most prisoners only get one shot at relief under § 2255, because the statute bars "second or successive" motions unless they are based on "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h). But the statute has an exception—the "escape hatch" or "saving clause"—that authorizes prisoners to seek habeas relief under 28 U.S.C. § 2241 when the § 2255 remedy is "inadequate or ineffective to test the legality of [their] detention." *Id.* § 2255(e). Until recently, prisoners with statutory claims that could not be raised in a second or successive § 2255 motion were able to use the saving clause to bring their claims under § 2241. *See Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020).

However, the United States Supreme Court recently clarified that while "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court," it does not authorize prisoners with statutory claims to do an "end-run" around § 2255(h):

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.

*Jones v. Hendrix*, 599 U.S. 465, 477–78, 480 (2023).

Petitioner's attack on his sentence is foreclosed by *Jones*. As noted, he argues that,

- 2 -

under *Mathis* and *Descamps*, his state-court conviction no longer qualifies as a predicate for his federal sentencing enhancement. This is a statutory claim. *See Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017) (stating that "*Mathis* is a clarification of existing [statutory-interpretation] rules"); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) (stating that "*Descamps* is a statutory interpretation case"). Petitioner's statutory claim does not involve "newly discovered evidence" or "a new rule of constitutional law," so he cannot raise it in a third § 2255 motion. 28 U.S.C. § 2255(h). But that does not mean that he can bring it in a § 2241 petition under the saving clause; "[i]t means that he cannot bring it at all." *Jones*, 599 U.S. at 480. As such, the Court lacks subject matter jurisdiction. *See Sanders v. Joseph*, 72 F.4th 822, 824–25 (7th Cir. 2023) (reaching the same conclusion on similar facts).

Resisting this conclusion, Petitioner argues that the relevant parts of *Jones* are dicta. He is incorrect. The Supreme Court described how, in most circuits, a prisoner who was barred from bringing his statutory claim in a successive § 2255 motion could use the saving clause to bring his claim under § 2241. *Jones*, 599 U.S. at 476–77. The Court then wrote: "We now *hold* that the saving clause does not authorize such an end-run around [§ 2255(h)]." *Id.* at 477 (emphasis added). That holding is binding law.

Petitioner next argues that *Jones* is inapposite. He says that *Jones* applies to claims based on an intervening change in statutory interpretation, and that he has not made such a claim. He frames his claim as follows: "What Petitioner does claim is that the standard of review has changed, from the 'modified categorical approach' to the 'categorical approach' within the Eleventh Circuit. This is neither a statutory change nor a Constitutional ruling. It is an internal court ruling, something between the two." However, Petitioner's claim is based on *Mathis* and *Descamps*, which are statutory interpretation cases, and it requires a comparative analysis of state and federal statutory provisions. It is a statutory claim. Petitioner's attempt to reframe it as something else is not persuasive.

Next, Petitioner argues that the Court may reach the merits of his claim under the "'miscarriage of justice' exception to procedural default." He is incorrect. Whether

Petitioner can proceed under the saving clause is a jurisdictional question. If he cannot proceed, then the Court lacks subject matter jurisdiction and must dismiss this case. *See Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). Procedural default, in contrast, "is not a jurisdictional matter." *Trest v. Cain*, 522 U.S. 87, 89 (1997). So, even if Petitioner is correct that he can show a fundamental miscarriage of justice, that would not give this Court jurisdiction to hear his claim.

Finally, Petitioner argues that the Court has jurisdiction over this case pursuant to *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020). *Allen* involved a claim very similar to the one raised here, and the petitioner was allowed to raise it in a § 2241 petition. *Id.* at 1187, 1192. However, that case was decided before *Jones*, and a key aspect of its reasoning is clearly irreconcilable with *Jones*. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (explaining that a circuit precedent has been abrogated when it "is clearly irreconcilable with the reasoning or theory of intervening higher authority"). The *Allen* court's holding that the § 2255 remedy was inadequate rested on two critical findings. 950 F.3d at 1188–91. Relevant here, the court found that the petitioner had not had an "unobstructed procedural shot at presenting his claim," because the claim was barred under circuit precedent at the time of the petitioner's first § 2255 motion. *Id.* at 1190–91. In *Jones*, however, the Supreme Court clarified that unfavorable or incorrect circuit precedent does not make the § 2255 remedy inadequate or ineffective. 599 U.S. at 480–81. Because *Allen* is clearly irreconcilable with *Jones*, it is of no help to Petitioner here.

* * *

There is one final matter. Petitioner urges the undersigned to recommend that the district judge "reinstate" a claim that the district judge dismissed in the screening order. The undersigned declines to do so. If Petitioner thought that the district judge had erred, then he should have filed a timely motion for reconsideration. His request for a recommendation is not a procedurally appropriate method of seeking such reconsideration. Furthermore, while he protests that the district judge's ruling is unjust, he concedes that it is legally correct.

- 4 -

**Conclusion**

The Court **recommends** that Petitioner James Freeman's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) be **dismissed without prejudice** for lack of subject matter jurisdiction.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies on objections absent the district court's permission. A failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Clerk of Court is directed to **terminate** the referral of this matter. Filed objections should bear the following case number: **CV-24-00129-TUC-RCC.**

Dated this 8th day of August, 2024.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge