IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Freeman,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>　　　　　　　　Respondent. | No. CV-24-00129-TUC-RCC (MSA)<br><br>**ORDER** |

On August 8, 2024, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss Petitioner James Freeman's petition for a writ of habeas corpus under 28 U.S.C. § 2241 without prejudice for lack of subject matter jurisdiction. (Doc. 11.) Petitioner filed an objection to the R&R (Doc. 12), and Respondent filed a response. (Doc. 13.) Upon review, the Court will adopt the R&R and dismiss Petitioner's § 2241 habeas petition.

**I.   STANDARD OF REVIEW**

The standard of review of a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

**II.   DISCUSSION**

First, Petitioner objects to the magistrate judge's determination that *Jones v. Hendrix*, 599 U.S. 465 (2023), "bars all § 2241 petitions." (Doc. 12 at 1.) The magistrate judge did not state that *Jones* precluded all § 2241 petitions. The magistrate judge summarized that typically defendants have one shot to collaterally attack the legality of their sentence under 28 U.S.C. § 2255. (Doc. 11 at 2 (first citing *Pavulak v. Blanckensee*, 14 F.4th 895, 896 (9th Cir. 2021); then citing *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).) The magistrate judge indicated that subsequent attacks are barred unless the claim is based on "newly discovered evidence" or "a new rule of constitutional law." (*Id.* (citing 28 U.S.C. § 2255(h).) However, the magistrate judge noted an exception exists wherein a defendant can collaterally attack their sentence by filing a § 2241 petition if the original § 2255 was "inadequate or ineffective to test the legality of [their] detention." (*Id.* (citing 28 U.S.C. § 2255(e).) Previously, this included claims based on statutory reinterpretation, the magistrate judge stated; however, after *Jones*, statutory reinterpretation arguments were no longer a permissible avenue for relief under § 2241. (*Id.* at 2–3 (citing *Jones*, 599 U.S. at 477–78, 480).) Petitioner's statutory argument—that "his state court conviction no longer qualified as a predicate offense for his federal sentencing enhancement"—was precluded because it was based on statutory reinterpretation. (*Id.*) Because of this, the magistrate judge concluded, the Court had no jurisdiction over Petitioner's § 2241 habeas petition. (*Id.*) This summary of the effect of *Jones* on this Court's ability to grant Petitioner relief was correct.

Next, Petitioner contends that the ruling in *Jones* applies only to cases involving statutory challenges, but not his petition, which he claims is based on a reliance on a change in the standard of review for courts to use in certain situations. (Doc. 12 at 2.) As the magistrate judge accurately summarized, Petitioner's claim is "that, in view of *Mathis v. United States*, 579 U.S. 500 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), his state-court [sex offense] conviction [under 18 U.S.C. §§ 2251(e) and 2252(A)(b)(1)] no longer qualifies as a predicate for his federal sentencing enhancement. Therefore, he says, he is actually innocent of the enhancement and his sentence must be vacated." (Doc.

11 at 2.) Despite Petitioner's argument to the contrary, this is a statutory interpretation claim. *See Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017) (concluding *Mathis* is a reinterpretation of the Armed Career Criminal Act); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) ("*Descamps* is a statutory interpretation case.").

Third, Petitioner seems to be arguing that the magistrate judge read *Jones* too broadly, and the case should "be narrowly applied only to cases where the prisoner seeks to be granted relief [o]n the basis of a NEW interpretation of an existing CRIMINAL STATUTE, which is what *Jones* did and the Court said could not be done." (Doc. 12 at 3.) As stated previously, the magistrate judge did not find that *Jones* was so broad that it abrogated all § 2241 habeas petitions, only those based on statutory reinterpretation, which is the essence of Petitioner's claim.

### III. CONCLUSION

The Court, having reviewed the objections, responses, and upon de novo review of the issues raised, adopts the recommendation of Magistrate Judge Aguilera. Petitioner's § 2241 habeas petition is not based on "newly discovered evidence" or "a new rule of constitutional law" pursuant to 28 U.S.C. § 2255(h). Nor can Petitioner raise his claim under the saving clause—Petitioner "cannot bring it at all." *Jones*, 599 U.S. at 480. Therefore, the Court lacks subject matter jurisdiction over this matter.

Accordingly, IT IS ORDERED:

1) Magistrate Judge Maria S. Aguilera's Report and Recommendation is ADOPTED IN FULL.

2) Petitioner James Freeman's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. (Doc. 1.)

3) The Clerk of Court shall docket accordingly and close the case file in this matter. Dated this 12th day of December, 2024.

_____
Honorable Raner C. Collins
Senior United States District Judge